IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JA'WAYNE HELFFERICH,

    Plaintiff,

v.                                               CIV. 14-219 RB/GBW

GREGG MARCANTEL *et al.*,

    Defendants.

### ORDER DENYING MOTION TO APPOINT COUNSEL

**THIS MATTER** is before the Court on Plaintiff's second Motion to Appoint Counsel. *Doc. 8*. The Court notes that the Court denied Plaintiff's first Motion to Appoint Counsel on March 10, 2014. *Doc. 5*. Having reviewed the Motion, the Court finds that it should be denied.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his

claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)).  Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors.  Plaintiff now contends that the Court should appoint him "stand by" counsel because he has limited access to legal research tools.  *Doc. 8* at 1-3.  As the Court explained in its initial order (*doc. 5*) Plaintiff's Complaint does not present novel or complex legal claims.  *Doc. 1.*  Further, the Complaint and Plaintiff's repeated motions demonstrate Plaintiff's ability to coherently articulate his legal position.  *Docs. 1, 3, 8.*  Thus, based on the Court's own review, none of the *Thomas* factors support granting Plaintiff's Motion.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel, (*doc. 8*), is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE