**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JA'WAYNE HELFFERICH,

     Plaintiff,

v.                                      No. CV 14-0219 RB/GBW

GREGG MARCANTEL, JERRY ROARK,
COLEEN MCCARNEY, ROBERT STEWARD,
MICHAEL HOHMAN, HERMAN GONZALES,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

     This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint.   Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.   For reasons set out below, the Court will dismiss Plaintiff's complaint.

     The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."   The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, in a nine-hour bus trip with eleven other inmates, Plaintiff was transferred from one correctional facility in New Mexico to another.   Plaintiff asserts that officials ordered the transfer without making an assessment of his medical condition.   He alleges that the transport van was very hot and had no ventilation.   The transport officers refused to make any rest stops during the trip, thus causing Plaintiff extreme discomfort.   The drivers also drove carelessly, causing additional discomfort.   Defendants Hohman and Gonzales drove the van, and the other Defendants are administrative correctional officials.   Plaintiff contends that the lack of medical assessment violated his procedural due process rights, and Defendants' actions during the transport violated his rights under the Eighth Amendment.   The complaint seeks damages.

As unpleasant as the transport trip may have been, Plaintiff's allegations do not support constitutional claims.   Nothing less than the " 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment."   *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Furthermore, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety."   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   Even if Plaintiff's allegations may describe wanton infliction of pain by the drivers, they do not assert Defendants' disregard of an excessive risk to his health or safety, and thus the complaint fails to state claims under the Eighth Amendment.

In Plaintiff's Due Process claim, he identifies no injury caused by Defendants' alleged failure to classify his medical condition before the transport.   His complaint, therefore, raises only a hypothetical Due Process claim.   Under the constitutional requirement that a party must have

2

standing to bring a § 1983 claim, a plaintiff must "establish relevant actual injury" caused by a defendant's actions. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Here, because Plaintiff does not assert that an injury resulted from a medical condition that had been overlooked by Defendants' failure to classify, his Due Process claim is "the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Id.* Plaintiff lacks standing to bring a claim under the Due Process Clause, and the Court will dismiss this claim.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____

UNITED STATES DISTRICT JUDGE